Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| MUNICIPIO DE SAN JUAN<br><br>Apelante<br><br><br>V.<br><br><br>ELEUTERIO MENÉNDEZ Y OTROS<br><br>Apelados | TA2025AP00402 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.:<br>SJ2024CV11720<br><br>Sobre:<br>Expropiación Forzosa |
|---|---|---|

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 10 de noviembre de 2025.

El 3 de octubre de 2025, compareció ante este Tribunal de Apelaciones, el Municipio Autónomo de San Juan (en adelante, el Municipio o parte apelante), mediante recurso de *Apelación*. Por medio de este, nos solicita que, revisemos la *Sentencia* emitida el 14 de agosto de 2025 y notificada el 15 de agosto de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Juan. En virtud del aludido dictamen, el foro *a quo* decretó la desestimación de la *Petición* presentada por el Municipio.

Por los fundamentos que adelante se exponen, se *confirma* la *Sentencia* apelada.

## I

Los hechos que suscitaron la controversia de epígrafe tienen su lugar en una *Petición* sobre expropiación forzosa, instada el 26 de diciembre de 2025, por el Municipio, donde señaló al señor Eleuterio Menéndez, la señora Felisa Cordovés, la Sociedad Legal de Gananciales compuesta por ambos, la señora Concepción Menéndez

y la licenciada Rosa B. Menéndez Cordovés (en adelante, licenciada Menéndez Cordovés o parte apelada) como parte con interés y dueños de la propiedad objeto de la controversia. Junto a su *Petición,* la parte peticionaria incluyó el Exhibit "A", en el cual se incluyó una descripción de la propiedad, y se esbozó un listado de las personas con interés junto a direcciones correspondientes a estas. En la *Petición,* el Municipio expresó su interés en adquirir la propiedad en cuestión mediante el procedimiento de expropiación forzosa. Dicha propiedad –identificada como Exhibit A de la *Petición*– es descrita como sigue:

> ---URBANA: Solar identificado con el número 217 de la Calle Ozama de la Urbanización Río Piedras Heights también conocida como El Paraíso del término municipal del Barrio El Cinco (antes Barrio Monacillos), del Municipio Autónomo de San Juan, Puerto Rico. Consta de una cabida superficial de mil ochenta y tres con dos mil ochocientas ochenta y tres diezmilésimas (1,083.2883) de metros cuadrados equivalentes a cero con dos mil setecientas cincuenta y seis diezmilésimas (0.2756) de cuerda. En lindes por el NORESTE, en distancia de quince con cuatrocientas cincuenta y seis milésimas (15.456) metros lineales con solar propiedad de la entidad La Vega del Le Lo Lai, LLC; al NOROESTE, en distancia de veinticuatro con ochocientas veinte milésimas (24.820) metros lineales con solar propiedad de Nila Martínez Espinet; al SUR, en distancia en largo de arco de trece con quinientas sesenta y dos milésimas (13.562) metros lineales con la Calle Ozama; al ESTE, en distancia de cuarenta y seis con cuatrocientas sesenta milésimas (46.460) metros lineales con solar propiedad de Pedro Lorenzi Montañez y Lourdes Ramos Orozco; y por el OESTE, en distancia de treinta y nueve con ciento veinte milésimas (39.120) metros lineales con solar propiedad de José Ángel Vélez Hernández.
> ---Contiene una c[a]sa de concreto reforzado para una familia.
> ---Finca número 436 inscrita al Folio 240 del Tomo 13 de Monacillos Este y El Cinco, Registro de la Propiedad de San Juan, Sección V.

Sostuvo que, la aludida propiedad fue declarada estorbo público el 26 de diciembre de 2023, en el caso número 20OP-55099QE-SJ, mediante el Procedimiento de Declaración de Estorbos Públicos del Municipio de San Juan, dispuesto mediante la Ordenanza Núm. 7, serie 2002-2003. Añadió que, interesaba adquirir la propiedad para mejorar el área al eliminar un estorbo

público. De igual manera, expresó que, la compensación justa y razonable que estimaba debía pagar por la adquisición de la propiedad, era la suma de $125,000.00. Sin embargo, realizó ciertas deducciones atribuibles a unas alegadas deudas y multas existentes, y estimó que, la compensación justa se reducía a $106,536.54.

Mediante *Resolución* emitida el 24 de enero de 2025, el foro de primera instancia declaró lo siguiente:

**POR TANTO**, el Tribunal en el día de hoy y por la presente declara, ordena y decreta que:

a. La propiedad descrita en el "Exhibit A" con todos sus usos y mejoras, queda expropiada y su título investido en el Municipio de San Juan desde la fecha de radicación de la referida Declaración por el Peticionario.

b. El Municipio de San Juan tiene derecho ahora al título, posesión y uso inmediato de la propiedad expropiada la cual deben entregar materialmente las personas o entidades a cargo de ésta, al Municipio de San Juan, por conducto de su representante autorizado, dentro de un término no mayor de treinta (30) días después de ser notificadas con copia de la presente resolución.

c. Esta causa quedará abierta para cualquier orden, sentencia o decreto adicional que pudiera ser necesario dictar para el debido cumplimiento de y en relación con la misma.

d. El Honorable Registrador de la Propiedad correspondiente deberá inscribir a favor del Municipio de San Juan, a título de dominio absoluto, la propiedad objeto de esta acción, libre de toda clase de cargas, gravámenes, menciones, anotaciones, reservas o defectos de cualquier naturaleza, incluyendo, sin limitarse, todos los mencionados en el Exhibit "A".

**SE ORDENA ADEMÁS**, a la Secretaría de este Tribunal que expida el correspondiente mandamiento, en lo que procede, entre otras cosas, que usted notifique y entregue inmediatamente una copia de esta Resolución a las partes con interés, o en ausencia de éstas, a la persona o personas encargadas de la propiedad que será afectada por el presente Procedimiento de Expropiación Forzosa, para que entregue materialmente la misma de acuerdo con los términos de esta Resolución, al Municipio de San Juan o a sus agentes o representantes autorizados, debiendo hacer constar sus diligencias en los autos de este caso

y que procede expedir, además, copia de esta Resolución y del "Exhibit A" al Honorable Registrador de la Propiedad correspondiente, para que éste pueda inscribir de acuerdo con los términos de esta Resolución la propiedad a favor del Municipio de San Juan.

Transcurridas varias incidencias procesales, innecesarias pormenorizar, la licenciada Menéndez Cordovés presentó *Comparecencia Especial -Sin Someterse a la Jurisdicción- y en Solicitud de Remedio Provisional*. Arguyó que, para poder llevar a cabo el proceso de expropiación, era requisito *sine qua non* que la entidad expropiante llevara a cabo un trámite administrativo y que, en el mismo, se siguiera el debido proceso de ley dispuesto en el Código Municipal, *infra*. Explicó que, pese a que la parte peticionaria había presentado una acción de expropiación que cumplía con los requisitos de rigor, la declaración de estorbo público era nula. Lo anterior, por motivo de que, la parte peticionaria había incumplido con los requisitos básicos de notificación adecuada y haber violentado la oportunidad que tiene la parte con interés de ser oída y exponer su posición conforme a derecho. Asimismo, adujo que, en el procedimiento de declaración de estorbo público, en cierto momento se le notificó a la dirección correcta, sin embargo, el contenido de lo notificado no estaba dirigido a la parte con interés, ni trataba de la propiedad en controversia. Respecto a la solicitud de expropiación, indicó que, la parte peticionaria había incluido la dirección física y postal de la parte con interés en el Exhibit "A" de la *Petición*, no obstante, no fue notificada a tal dirección. De igual manera, sostuvo que, el emplazamiento por edicto tampoco había quedado perfeccionado, debido a que, conforme a la Regla 58.4(e) de las Reglas de Procedimiento Civil de Puerto Rico, la notificación no estuvo acompañada de sus anejos. Los anejos a los cuales hace referencia se basan en el legajo de expropiación, incluyendo el plano de adquisición y el informe de valoración, entre otros.

Mediante la aludida comparecencia, la licenciada Menéndez Cordovés señaló que, advino en conocimiento de la declaración de estorbo público y de la expropiación, cuando se le remitió la publicación de edicto con la *Petición* a la última dirección conocida, la cual surgía del Exhibit "A" de la *Petición.* Indicó, además, que, la parte apelada se proponía solicitar la reapertura y desestimación por nulidad de la declaración de estorbo público ante el Municipio, ya que llevó a cabo un proceso de declaración viciado. Conforme todo lo anterior, solicitó al foro *a quo* que paralizara el procedimiento de expropiación por un término de noventa (90) días.

Por su parte, el Municipio presentó *Moci[ó]n en Cumplimiento de Orden.* Sostuvo que, según constaba del expediente administrativo, la *Querella y Notificación* (Caso Núm. 20OP-55099QE-SJ), y *la Notificación: Intención de Declarar Propiedad Como Estorbo Público,* con fecha de 4 de mayo de 2023, fueron enviadas mediante correo certificado a la dirección postal de la parte apelada a: Urb. El Remanso F21 Calle Cuenca San Juan PR 00926-6109. Alegó que, en ambos documentos se le informó a la parte con interés el derecho que le asistía de presentar oposición y de solicitar vista administrativa ante un Oficial Examinador, así como el término disponible para así hacerlo. Igualmente, aseguró que, de acuerdo al acuse de recibo, tales documentos fueron acusados por la parte con interés el 13 de mayo de 2023. El Municipio alegó que, la licenciada Menéndez Cordovés se comunicó mediante correo electrónico con la señora Swinda Colón Martínez, Supervisora del Programa de Estorbos Públicos del Municipio, con el propósito de notificarle que, "recibió información de una persona y dirección que no tenían relación alguna con ella". Dado lo anterior, el Municipio acotó que, el 24 de agosto de 2023, intentó diligenciar personalmente la *Querella y Notificación* a la parte apelada, pero que, esta se negó a recibir el emplazamiento. Adujo, además, que,

en igual fecha, la parte apelada se había comunicado por correo electrónico nuevamente con la señora Swinda Colón Martínez y que, en respuesta se le informó que, fue emplazada "porque era su derecho a ser escuchada". De igual manera, añadió que, en el mismo correo se le envió como anejo a la parte apelada copia del formulario de solicitud de vista administrativa para que lo cumplimentara, en caso de que deseara solicitar la celebración de vista.

Asimismo, el Municipio expresó que, el 13 de septiembre de 2023, publicó un *Aviso Público de Notificación de Intención de Estorbo Público* en el periódico El Nuevo Día, en el cual se incluyó la propiedad en cuestión. Añadió que, en el aludido aviso, se le apercibió a todo propietario, poseedor y/o persona con interés, sobre su derecho a solicitar la celebración de una vista administrativa informal, dentro del término de veinte (20) días, contados a partir de la fecha de publicación del edicto. Según el Municipio, el 26 de octubre de 2023, emitió *Resolución Declarando el Inmueble Estorbo Público y Orden* y publicó *Aviso de Notificación de la Decisión del Municipio de San Juan Declarar Inmueble el Estorbo Público*, el 13 de noviembre de 2023, por medio de edicto en el periódico El Nuevo Día. Aseguró que, la parte apelada fue debidamente notificada. Por otro lado, argumentó que, si la parte apelada tenía alguna reclamación relacionada al trámite de declaración de estorbo público, debió haber agotado los remedios administrativos disponibles y de los cuales alegadamente fue debidamente apercibida. Además, agregó que, el procedimiento de expropiación forzosa no podía ser utilizado para "hacer ataques colaterales a determinaciones administrativas que advinieron final y firmes".

Posteriormente, la licenciada Menéndez Cordovés presentó *Comparecencia Especial -Sin Someterse a la Jurisdicción- y de Réplica a Moción Informativa del Municipio de San Juan*. En la aludida moción adujo que, el Código Municipal de 2020, requería

un debido proceso de ley administrativo que se le debía conceder a los titulares, sin el cual, la declaración de estorbo público era nula. La postura de la parte apelada era que, si la declaración de estorbo público era nula, no había cabida para la expropiación forzosa por razón de estorbo público. De igual forma, sostuvo que, los documentos descritos como Anejo 1 acompañados a la *Moci[ó]n en Cumplimiento de Orden*, no fueron los mismos documentos que fueron notificados y recibidos por la parte apelada. Puesto que, dichos documentos recibidos por esta, hacían referencia a otra propiedad y a una persona desconocida. Explicó que, el 27 de julio de 2023, le devolvió los mencionados documentos a la señora Swinda Colón Martínez mediante correo electrónico. En el aludido correo electrónico expresó que, los documentos estaban dirigidos a una persona que no conocía ni tenía relación alguna, y que hacían referencia a una propiedad localizada en la Urbanización Roosevelt, San Juan, Puerto Rico. La parte apelada también negó haber rechazado el emplazamiento, por motivo de que el emplazador no se presentó a su dirección residencial. Reseñó que, según surgía del *Diligenciamiento de Notificación Declaración de Estorbos P[ú]blicos*, esta iba dirigida a una persona de nombre Concepción Menéndez, con dirección Calle Ozama 212, San Juan Puerto Rico. Añadió que, posiblemente el emplazamiento fue declinado por la persona que podía ser residente de esa dirección. En cuanto a dicho emplazamiento, también mencionó que, era el único diligenciamiento juramentado, ya que, otro que la parte peticionaria incluyó en su *Moci[ó]n en Cumplimiento de Orden* no estaba juramentado.

Respecto al *Aviso Público de Notificación de Intención de Estorbo Público* publicado el 13 de septiembre de 2023 en el periódico el Nuevo Día, la parte apelada alegó que, no se dio aviso alguno, ya que ninguna de las propiedades incluidas se refería a la

propiedad objeto de la controversia. Así como, tampoco se identificó a los dueños de la propiedad, a los integrantes de su sucesión, ni la dirección correcta. De igual manera, sostuvo que, en el aludido aviso incluyeron la siguiente información "Concepción Menéndez Río Piedras Heights Calle 7 Blq. F-15 San Juan, PR 00926". Adujo que, con tal información ninguna parte con interés se podía dar por enterada de la intención de declarar estorbo público la propiedad en controversia, por lo que el aviso era inoficioso. Aseguró que, la parte apelante tenía conocimiento de la dirección física de la parte apelada y de su paradero, y que, por tanto, no se justificaba publicar el aviso. Asimismo, destacó que, la declaración de estorbo público era nula dado a que la parte apelante había incumplido con los elementos básicos de notificación adecuada y violó el derecho que le asiste a la parte con interés de ser oída y defender su propiedad conforme a derecho.

Finamente, el 14 de agosto de 2025, el Tribunal de Primera Instancia emitió *Sentencia* en la cual desestimó sin perjuicio la causa de acción instada por el Municipio por falta de jurisdicción al ser prematura. El foro *a quo* razonó que, el Municipio no notificó adecuadamente su intención de declarar la propiedad como estorbo público a todas las partes con interés. Es decir, no hubo notificación adecuada del trámite administrativo.

En desacuerdo, el 29 de agosto de 2025, la parte apelante presentó *Moción de Reconsideración*. Mediante *Resolución* emitida el 9 de septiembre de 2025, la primera instancia judicial declaró No Ha Lugar la aludida moción de reconsideración, y dispuso lo siguiente:

> Considerada la *Moción de reconsideración* presentada el 29 de agosto de 2025 por la parte peticionaria, el Municipio de San Juan (Municipio), resolvemos:
>
> **NO HA LUGAR** la *Moción de reconsideración*.

A diferencia de lo alegado por el Municipio, en la *Sentencia* del 15 de agosto de 2025, este tribunal no determinó que el procedimiento administrativo hubiese sido inoficioso o de manera alguna entró a considerar aspectos sustantivos sobre dicho procedimiento.

Es norma reiterada que los tribunales deben ser celosos guardianes de su jurisdicción y que no poseen discreción para asumirla donde no la tienen. *Allied Mgmt. Group, Inc. v. Oriental Bank*, 204 DPR 374, 386 (2020). Consecuentemente, los tribunales están obligados a considerarla aun cuando no exista un señalamiento expreso de las partes a esos fines. Íd.; *In re Laboy Hernández*, 209 DPR 288, 298 (2022). La jurisdicción puede auscultarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *In re Laboy Hernández, supra*, págs. 298 – 299; *Allied Mgmt. Group, Inc. v. Oriental Bank, supra.*

En las acciones iniciadas en virtud de las disposiciones del Código Municipal sobre expropiación forzosa por estorbo público, la jurisdicción de este tribunal depende de que los trámites administrativos advengan final y firme. Es norma reiterada y fundamental en nuestro sistema judicial que no se le pueden oponer los términos jurisdiccionales a una parte que no es notificada la determinación de una agencia conforme a derecho. *Comisión Ciudadanos v. G.P. Real Property*, 173 DPR 998, 1015 (2008). Según detallado en la *Sentencia*, el tribunal identificó varias deficiencias en las notificaciones remitidas a las partes con interés. Bajo el estado de derecho vigente, la falta de notificación adecuada tiene la consecuencia de que no transcurren los términos jurisdiccionales. Por lo tanto, concluimos, sin entrar en los méritos de este, que el trámite administrativo no ha advenido final y firme, privando a este tribunal de ejercer su jurisdicción.

Por otro lado, le aclaramos al Municipio que el Código Municipal de Puerto Rico (Ley Núm. 107-2020, según enmendada, 21 LPRA sec. 7001, *et seq.*) provee dos tipos de procedimientos de expropiación forzosa: la expropiación forzosa por fin o utilidad pública y la expropiación forzosa por estorbo público. La expropiación forzosa por fin o utilidad pública no requiere trámite administrativo. Véase el Art. 2.018 del Código Municipal (21 LPRA sec. 7183). El presente caso no se instó bajo la causal de fin o utilidad pública.

Surge de la *Petición*, por virtud de la Resolución Núm. 22, Serie 2024- 2025, aprobada el 30 de septiembre de 2024 (P. de R. Núm. 8, serie 2024-2025), que el inmueble objeto de este caso constaba en el Inventario de Propiedades Declaradas como Estorbo Público bajo el Art. 4.011 del Código Municipal (21 LPRA sec. 7635) y el Art. 15.209 del "Reglamento para el Manejo, Identificación y Restauración de Propiedades Inmuebles en el Municipio de San Juan" (Ordenanza Núm. 7, Serie 2002-2003; en adelante, el Reglamento Municipal). SUMAC Entrada Núm. 1. En otras palabras,

la expropiación no fue iniciada por motivos de fin o utilidad pública.

El Art. 15.205(e) del Reglamento Municipal, *supra,* dispone que en el Inventario de Propiedades Declaradas como Estorbo Público constarán todas las propiedades cuya **declaración de estorbo público haya advenido final y firme**. En otras palabras, para que el Municipio pudiera aprobar la expropiación forzosa del inmueble, esta debía constar en el Inventario de Propiedades Declaradas como Estorbo Público. Para poder constar en el Inventario de Propiedades Declaradas como Estorbo Público, era necesario que la declaración de estorbo público adviniera final y firme. Para advenir final y firme, debían transcurrir veinte (20) días desde la adecuada notificación a las partes con interés sin que esta ejerciera su derecho de revisión judicial o, de ejercerlo, la determinación del foro revisor en confirmación del Municipio debía advenir final y firme.

Según se expuso en la *Sentencia,* no hubo notificación adecuada de todas las partes con interés, por lo que la declaración de estorbo público no ha advenido final y firme. Por lo tanto, el inmueble carecía del requisito reglamentario para formar parte del Inventario de Propiedades Declaradas como Estorbo Público, por lo que el Municipio estaba privado de aprobar e iniciar la expropiación forzosa de la propiedad bajo el mecanismo provisto por los Arts. 4.012 del Código Municipal (21 LPRA sec. 7636) y el 15.209 del Reglamento Municipal, *supra.*

Por último, no procede el argumento de falta de legitimación activa de la licenciada Rosa Blanca Menéndez Cordovés en el presente caso. Al incluirla en el Exhibit A como parte con interés, el Municipio reconoció su legitimación activa sobre los procedimientos. En cuanto a la presunta incuria incurrida por esta, los hechos alegados por el Municipio están relacionados al trámite administrativo, no al presente caso. Lo único relevante sobre el trámite administrativo, para propósitos de estos procedimientos, es que el mismo haya advenido final y firme para que esta Sala de Expropiaciones tenga jurisdicción sobre la presente acción. Cualquier determinación de incuria por los hechos alegados deberá hacerse en el foro correspondiente.

Aún inconforme, la parte apelante presentó el recurso cuya revisión nos atiene y esgrimió los siguientes señalamientos de error:

i. Erró el TPI, y abusó de su discreción, al emitir una sentencia desestimando la petición de expropiación forzosa.

ii. Erró el TPI, y abusó de su discreción, al emitir una sentencia desestimando la petición al atender planteamientos en oposición a la declaración de estorbo público en un procedimiento especial de

expropiación forzosa sin tener jurisdicción para ello, pues son procedimientos distintos e independientes.

Mediante *Resolución* emitida el 7 de octubre de 2025, concedimos término a la parte apelada para que se expresara en cuanto al recurso. En cumplimiento, el 14 de octubre de 2025, la parte apelada presentó su *Alegato en Oposición a Apelación*.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II**

### A. *Deferencia Judicial*

Según es sabido, las determinaciones de hechos y de credibilidad del tribunal sentenciador deben ser merecedoras de gran deferencia por parte de los foros apelativos. *Argüello v. Argüello*, 155 DPR 62 (2001); *Hernández Maldonado v. Taco Maker*, 181 DPR 281 (2011); *SLG Rivera Carrasquillo v. AAA*, 117 DPR 345, 356 (2009); *Ortiz Ortiz v. Medtronic*, 209 DPR 759, 779 (2022).

Sin embargo, la deferencia judicial no es absoluta, pues podrá ser preterida en ciertas instancias. Nuestro Máximo Foro ha reiterado que, los tribunales apelativos "no debemos intervenir con las determinaciones de los juzgadores de primera instancia, salvo que medie pasión, prejuicio, parcialidad o error manifiesto". *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007); *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194, 219 (2021); *SLG Rivera Carrasquillo v. AAA*, supra, pág. 356; *Ortiz Ortiz v. Medtronic*, supra, pág. 778, *Pueblo v. Hernández Doble*, 210 DPR 850, 864 (2022)[1].

No obstante, "[l]a tarea de determinar cuándo un tribunal ha abusado de su discreción no es una fácil. Empero, no tenemos duda de que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad". *SLG*

---

[1] Véase también *Rodríguez et al. v. Hospital et al.*, 186 DPR 889, 908-909 (2012); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013).

*Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013)[2]. Es por lo que, nuestra más Alta Curia ha definido la discreción como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Así, la discreción se "nutr[e] de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". *SLG Zapata-Rivera v. J.F. Montalvo*, supra, pág. 435. Ello "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho". (Citas omitidas). *Íd.* citando a *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997).

### B. Expropiación Forzosa

Según es sabido, el Artículo II, Sección 7 de la Constitución de Puerto Rico, reconoce el derecho del ser humano al disfrute de su propiedad.[3] De igual manera, en la Sección 9 del mismo artículo, prohíbe que se tome o se perjudique una propiedad para uso público sin el pago de la justa compensación.[4] Sin embargo, ese derecho no es absoluto, ya que, se encuentra supeditado al poder del Estado para establecer restricciones sobre la propiedad de los ciudadanos. *Mun. Río Grande v. Adq. Finca et al.*, 2025 TSPR 36, 215 DPR __ (2025); *AAA v. Cortés Flores y otros*, 214 DPR 969, 977 (2024).

En lo pertinente, la *Ley General de Expropiación Forzosa*, 32 LPRA sec. 2907, y la Ley Núm. 107-2020, conocida como el Código Municipal de Puerto Rico (Código Municipal), gobiernan los procesos de expropiación forzosa de bienes declarados estorbo público.

---

[2] Véase, además, *Pueblo v. Rivera Montalvo*, 205 DPR 352, 373 (2020); *Umpierre Matos v. Juelle, Mejía*, 203 DPR 254, 275 (2019), citando a *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).
[3] CONST. de P.R., Art. II Sec. 7.
[4] CONST. de P.R., Art. II Sec. 9.

La Ley General de Expropiación Forzosa, *supra*, reconoce la facultad de los Municipios de instar procesos de expropiación forzosa. *Mun. Río Grande v. Adq. Finca et al.*, supra. En específico, la sección 5(a) del mencionado estatuto señala lo siguiente:

> En cualquier procedimiento entablado o que se entable por y a nombre bajo la autoridad del Estado Libre Asociado de Puerto Rico o Gobierno Estatal, bien actúe en tales procedimientos el Estado Libre Asociado de Puerto Rico o el Gobierno Estatal por propia iniciativa y para su propio uso o bien a requerimiento de cualquier agencia o instrumentalidad del Estado Libre Asociado de Puerto Rico; y en todo procedimiento entablado o que se entable por y a nombre de la Autoridad Municipal de Hogares, de cualquier municipio de Puerto Rico para la expropiación o adquisición de cualquier propiedad para uso público [...].[5]

Por su parte, el Código Municipal, dispone que, los municipios podrán ejercer, entre otras cosas, "el poder de expropiación forzosa, dentro de sus respectivos límites territoriales, por cuenta propia o a través de lo dispuesto en el Artículo 2.018 de este Código, las leyes generales y órdenes ejecutivas especiales y vigentes que sean aplicables".[6] El aludido estatuto, faculta a los municipios a expropiar, embargar, gravar y ejecutar cualquier propiedad cuando esta haya sido declarada estorbo público para el cobro de contribuciones sobre la propiedad, multas u otros gastos relacionados al manejo de su condición de estorbo.[7]

El Art. 2.018, en primer lugar, establece que, las disposiciones contenidas en la Ley General de Expropiación Forzosa, *supra*, serán de aplicación supletoria en las acciones de expropiación forzosas por parte de los municipios.[8] Los municipios podrán ejercer su facultad sobre privación de propiedad, conforme a lo dispuesto en el Código Civil de Puerto Rico y las disposiciones del Código Municipal, *supra*.[9] El mismo artículo esboza algunas disposiciones generales sobre los

---

[5] 32 LPRA sec. 2907.
[6] Art. 1.008(c) del Código Municipal, 21 LPRA sec. 7183.
[7] Art. 1.008(h) del Código Municipal, *supra*, 21 LPRA sec. 7183.
[8] Art. 2.018(a) del Código Municipal, *supra*.
[9] Art. 2.018(a)(1) del Código Municipal, *supra*.

procedimientos de expropiación forzosa iniciados por los municipios, y los fines bajo los cuales se puede ejercer dicha autoridad, a saber:

(i) Para la construcción de carreteras, caminos, calles y demás vías terrestres, para uso comunal público dentro de sus correspondientes límites territoriales, conforme a las facultades concedidas por este Código.

(ii) Para la construcción de canales para riego, encañados, acueductos para el abastecimiento de poblaciones, alcantarillados, sumideros, puentes, viaductos, diques y represas, conforme a las facultades concedidas por este Código.

(iii) Para la construcción y establecimiento de cementerios, plazas, avenidas y parques públicos, granjas agrícolas, escuelas y demás edificios públicos para el uso del Gobierno Municipal correspondiente.

**(iv) Cuando la misma haya sido declarada estorbo público según lo establecido en este Código, no teniendo que cumplir con la presentación de una consulta de ubicación ante la Oficina de Gerencia de Permisos.**

(v) Cuando sea favorable al interés público, que las estructuras abandonadas o solares abandonados, yermos o baldíos en las comunidades, que estén en estado de abandono, constituyendo o no estorbos públicos, sean objeto de expropiación por el municipio donde ubiquen, con el propósito de transferir su titularidad a personas, corporaciones con o sin fines de lucro, desarrolladores, contratistas y cualesquiera otros que tengan un legítimo interés en mantener esas propiedades en condiciones.

(vi) Cualquier otro propósito de utilidad que sea declarado así por la Legislatura Municipal conforme a las facultades otorgadas a los municipios por este Código y en cumplimiento con la Ley de 12 de marzo de 1903, según enmendada.[10] (*Énfasis suplido*).

El Código Municipal, *supra*, le impone al Municipio el deber de identificar a todas aquellas personas que tengan algún interés o derecho sobre la propiedad o derecho a ser adquirido. Dentro del

---

[10] Art. 2.018(a)(2) del Código Municipal, *supra*.

proceso de identificación de las partes con interés, el municipio *deberá llevar a cabo todas las diligencias razonables* para obtener el nombre completo, dirección física, dirección postal y cualquier otra información que permita obtener contacto con dichas partes.[11] El municipio podrá instar una Petición de Expropiación Forzosa ante el Tribunal de Primera Instancia en la Sala Superior de la Región Judicial a la cual pertenezca el municipio, o en su defecto, la demanda se presentará en la Sala Superior del lugar donde radique la propiedad, de conformidad con la Regla 3.3 de las de Procedimiento Civil.   Las Reglas de Procedimiento Civil serán aplicables a los casos de expropiación forzosa, con excepción de aquellas disposiciones de las Reglas que sean claramente incompatibles con las disposiciones del Código Municipal.[12]

Al amparo del objetivo de implementar la política pública que promueve la restauración de las comunidades, el propio Código Municipal, *supra,* asienta la posibilidad de que ambos, el proceso de declaración de un estorbo público y el de expropiación forzosa, se complementen. Ya mencionamos que, el Municipio tiene facultad para instar una acción de expropiación forzosa cuando una propiedad haya sido declarada estorbo público, según lo establecido en el Código Municipal, *supra.*   Respecto a la identificación de estorbos públicos, el Código Municipal, *supra,* dispone que, "[l]os municipios realizarán los estudios que fueren necesarios, dentro de sus límites, para identificar las propiedades inmuebles que por sus condiciones deban ser calificadas como estorbos públicos".[13] El anterior artículo, y los siguientes establecen el proceso que debe seguir un municipio para declarar un inmueble estorbo público, un proceso diferente al proceso de expropiación forzosa.

---

[11] Art. 2.018(a)(8) del Código Municipal, *supra.*
[12] Art. 2.018(a)(8) del Código Municipal, *supra.*
[13] Artículo 4.008 del Código Municipal, *supra.*

En detalle, el Artículo 4.008 del Código Municipal, *supra* dispone lo siguiente:

> [El municipio] procederá a identificar como estorbo público toda estructura o solar que sea declarado como tal, según definido en este Código y **notificará a los propietarios, poseedores y personas con interés, personalmente o por correo certificado de su intención de declarar la propiedad como estorbo público, informándoles de su derecho a una vista donde podrán oponerse a la declaración de la propiedad como estorbo público. Para la notificación deberá cumplirse sustancialmente con el proceso de diligenciamiento según establecido en la Regla 4 de Procedimiento Civil de 2009, y de ignorarse el paradero de tales personas, se publicarán avisos en un (1) periódico impreso de circulación general o regional y uno (1) digital de conformidad con las ordenanzas del municipio y sin que medie orden judicial previa**. Luego de la notificación, ya sea personal o por el aviso el propietario, poseedor o persona con interés, tendrá veinte (20) días, contados desde la notificación, para oponerse a la declaración de la propiedad como estorbo público, y solicitar vista ante un Oficial Examinador, para presentar la prueba testifical, documental o pericial que estime conveniente.[14] (*Énfasis suplido*).

Por otro lado, la Legislatura del Municipio de San Juan, creó el Reglamento para el Manejo, Identificación y Restauración de Propiedades Inmuebles en el Municipio de San Juan (en adelante, Reglamento del Municipio). Ello, con el propósito de que el Municipio pueda ejercer de forma efectiva, las facultades y poder conferido por ley para remediar propiedades inmuebles y estructuras abandonadas, y eliminar aquellas que debido a su deterioro se hayan convertido en estorbos públicos.[15] Es necesario reseñar que, dicho reglamento aplica de manera supletoria a las disposiciones vertidas en el Código Municipal.

Al igual que el Código Municipal, el Reglamento del Municipio dispone sobre el procedimiento para la identificación de estorbos públicos. En particular, en el Art. 15.203 expone que, conforme al Código Municipal, se podrán realizar estudios que se entiendan

---

[14] 21 LPRA sec. 7632.
[15] Art. 15.103 del Reglamento del Municipio.

necesarios para identificar las propiedades inmuebles que por sus condiciones deben ser calificadas como estorbos públicos. De igual forma, dispone que, una vez se concluya con los estudios e investigación, en caso de que se determine que la propiedad contiene elementos de estorbo público y se procede a identificar la propiedad como tal, se deberá llevar a cabo el siguiente procedimiento:

(1) Notificará a los Querellados de la propiedad que se trate, mediante los mecanismos para el diligenciamiento establecidos en este Artículo, la intención del Municipio de declarar la propiedad como estorbo público. A esos efectos, se llevará a cabo una investigación en el Registro de la Propiedad, en el CRIM o por cualquier otro medio que permita, mediante gestiones razonables, determinar quién es el propietario o persona con interés de la propiedad y su dirección postal.

(2) En la notificación dirigida a la parte querellada se le informará sobre sus derechos y remedios para oponerse a la declaración de la propiedad como estorbo público, así como el derecho de solicitar una vista ante un Oficial Examinador.

(3) Para la notificación deberá cumplirse sustancialmente con el proceso de diligenciamiento, según establecido en la Regla 4 de las Reglas de Procedimiento Civil de Puerto Rico. A los fines de este Reglamento, el diligenciamiento de la notificación podrá realizarse mediante una de las siguientes maneras:

(i) Por entrega personal mediante su entrega física a la parte querellada o haciéndole accesible la notificación en su inmediata presencia. La persona que lo diligencie hará constar, al dorso de la copia de la notificación, su firma, la fecha, el lugar, el modo de la entrega y el nombre de la persona a quien se hizo la entrega.

(ii) Mediante envío por correo certificado con acuse de recibo y entrega restringida a la parte querellada y/o a la persona autorizada por esta a la última dirección conocida que obre en poder del Municipio.

(iii) Mediante publicación de edicto en caso de ignorarse el paradero del propietario o persona con interés, luego de establecerse mediante certificación escrita las diligencias razonables realizadas por la Oficina para el diligenciamiento de la notificación y que, a esos efectos, resultaron infructuosas. A estos fines, se publicarán avisos en un (1) periódico impreso de circulación general o regional; y

uno (1) digital, sin que medie orden judicial previa. Los avisos podrán incluir múltiples propiedades.

[...][16]

El precitado artículo también establece sobre el contenido que deberá incluir el aviso público, entre estos, se encuentra el dueño registral o el último dueño conocido, el número de catastro, la dirección física de la propiedad, el derecho a oponerse y a solicitar vista administrativa que le asiste al propietario, poseedor o persona con interés y el término para así hacerlo.[17] El Reglamento del Municipio, exige que, la notificación indique que la parte querellada contará con un término de veinte (20) días, contados a partir de la fecha del recibo de esta o de la fecha de publicación del edicto, para oponerse a la intención de la declaración de la propiedad como estorbo público y comparecer, con sus objeciones por escrito junto a la prueba testifical, documental y/o pericial que entienda conveniente y necesaria. También se le deberá informar sobre su derecho de solicitar una vista administrativa ante un oficial examinador.[18]

En las instancias en que el propietario, poseedor o persona con interés sea notificado conforme a lo dispuesto en el Art. 4.008 del Código Municipal, y no compareciera de forma alguna a oponerse a la identificación de la propiedad como estorbo público, el municipio estará facultado para declarar la propiedad como estorbo público.[19] Una vez se haya emitido la declaración de estorbo público sobre una propiedad inmueble, el propietario tendrá la obligación de limpiarla o ejecutar las obras necesarias para eliminar tal condición, dentro del término de sesenta (60) días a partir de la notificación de

---

[16] Art. 15.203(c) del Reglamento del Municipio, incisos (1), (2), y (3)(I), (ii), (iii)
[17] Art. 15.203(c) del Reglamento del Municipio, inciso (3)(iv).
[18] Art. 15.203(d) del Reglamento del Municipio.
[19] Art. 4.010 del Código Municipal, *supra.* Véase también el Art. 15.203(e) del Reglamento del Municipio.

la resolución.[20] Dentro de los efectos que tendrá la declaración como estorbo público se encuentra la capacidad del municipio para expropiar el inmueble por motivo de utilidad pública, vivienda asequible o conforme a las disposiciones del procedimiento sumario establecido en el Código Municipal.[21]

En los casos en que el municipio no fuese a expropiar inmuebles declarados como estorbo público, por motivos de utilidad pública, deberá preparar un Inventario de Propiedades Declaradas como Estorbo Público que pondrá a disposición del público.[22] Sin embargo, las propiedades que se incluyan en el Inventario de Propiedades Declaradas como Estorbo Público podrán ser objeto de expropiación por el municipio, para su posterior transferencia a toda persona que esté dispuesta a adquirirla para su reconstrucción y restauración o para hacer una nueva edificación. En ese caso, el municipio deberá adquirir la propiedad, ya sea por compraventa o mediante el procedimiento de expropiación forzosa, mediante el cual vendrá obligado a pagar al titular el justo valor de la propiedad en los casos que aplique.[23] El Art. 4.012(f) del Código Municipal, *supra*, provee el procedimiento que tendrá que seguirse en dichas instancias, entre otras cosas, incluye la obligación impuesta al municipio de presentar la demanda de expropiación de conformidad a las disposiciones de la Regla 58 de las Reglas de Procedimiento Civil. Por otra parte, el artículo 4.102A del Código Municipal, establece un procedimiento sumario de expropiación en los casos que el municipio pretenda expropiar inmuebles declarados como estorbo público, a tenor con la Regla 58 de las de Procedimiento Civil.

---

[20] *Íd.*
[21] Art. 4.010(d) del Código Municipal, *supra.*
[22] Art. 4.011 del Código Municipal, *supra.*
[23] Art. 4.012 del Código Municipal, *supra.*

Las actuaciones del municipio al amparo de lo dispuesto en el Capítulo II del Código Municipal, con excepción a la acción de expropiación sumaria, serán revisables por el Tribunal de Primera Instancia.

## C. *Debido Proceso de Ley y Notificación Adecuada*

Nuestro ordenamiento constitucional reconoce como derecho fundamental del ser humano el derecho a la vida, la libertad y el disfrute de la propiedad.[24] También dispone que, previo a interferir con los intereses propietarios o libertarios de un ciudadano, el Estado debe cumplir con las exigencias del debido proceso de ley. *Garriga Villanueva v. Municipio de San Juan*, 176 DPR 182, 196 (2009). Similar reconocimiento, sobre la existencia del debido proceso de ley, se encuentra en la Enmienda V y XIV de la Constitución de Estados Unidos. *Hernández v. Secretario*, 164 DPR 390, 394 (2005).

El concepto del debido proceso de ley tiene dos vertientes: la sustantiva, que se refiere a la validez de las leyes que implementa el Estado en cuanto a su protección de los derechos de los ciudadanos, y la procesal, que se enfoca en garantizar un proceso justo y equitativo ante acciones estatales que interfieran con intereses privados. *PVH Motors v. ASG*, 209 DPR 122, 130 (2022); *Garriga Villanueva v. Municipio de San Juan, supra*, a la pág. 196; *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 394 (2018); *Domínguez Castro v. ELA*, 178 DPR 1, 35 (2010). Dichas garantías constitucionales se extienden al ámbito administrativo. *PVH Motors v. ASG*, supra, págs. 130-131.

Dado a que las agencias administrativas, bajo sus funciones administrativas interfieren con los intereses de libertad y propiedad de las personas, las garantías del debido proceso de ley son

---

[24] CONST. de PR, Art. II, Sec. 7.

aplicables a sus procesos. *St. James Sec. v. AEE*, 213 DPR 366 (2023); *PVH Motors v. ASG*, supra, pág. 130-131. Sin embargo, en el derecho administrativo el debido proceso de ley no tiene la misma rigidez que en la esfera penal. *Íd.* Aun así, el procedimiento adjudicativo debe de ser uno justo y equitativo. *Báez Díaz v. ELA,* 179 DPR 605, 623 (2010). Es por lo que, el procedimiento adjudicativo frente a las agencias, deberá ceñirse a las garantías mínimas del debido proceso de ley. *PVH Motors v. ASG*, supra, pág. 131; *Alamo Romero v. Adm. de Corrección,* 175 DPR 314 (2009).

En armonía con lo anterior, en los procesos adjudicativos se exige como mínimo: **(1) notificación adecuada del proceso**; (2) proceso ante un juez imparcial; **(3) oportunidad de ser oído**; (4) derecho a contrainterrogar a los testigos y examinar la evidencia presentada en su contra; (5) contar con asistencia de un abogado, y (6) que la decisión se base en el expediente. *PVH Motors v. ASG*, supra, pág. 131; *St. James Sec. v. AEE,* supra, pág. 396. El Tribunal Supremo de Puerto Rico ha establecido que, el derecho a una notificación adecuada concede a las partes la oportunidad de tomar conocimiento real de la acción tomada por la agencia. Además, otorga a las personas cuyos derechos pudieran quedar afectados, la oportunidad para decidir si ejercen los remedios que la ley les reserva para impugnar la determinación. *Asoc. Vec. Altamesa Este v. Municipio de San Juan,* 140 DPR 24 (1996). El Máximo Foro, también ha dispuesto que, la garantía de notificación, salvaguardada por el debido proceso de ley, deberá caracterizarse como real y efectiva, ajustada a los preceptos estatutarios aplicables. *PVH Motors v. ASG*, supra, pág. 131. La ausencia de una notificación adecuada, podría afectar el derecho de una parte a cuestionar una determinación administrativa. *Im Winner, Inc. v. Mun. de Guayanilla,* 151 DPR 30 (2000).

A partir de la notificación requerida, es que comenzará a transcurrir el término para solicitar revisión de la determinación administrativa. *Íd.*

Para determinar si un procedimiento administrativo cumple con los requisitos constitucionales del debido proceso de ley, hay que analizar los factores siguientes: el interés privado que puede resultar afectado por la actuación oficial; el riesgo de una determinación errónea debido al proceso utilizado y el valor probable de garantías adicionales o distintas, y el interés gubernamental protegido en la acción sumaria, inclusive los cargos fiscales y administrativos que conllevaría el imponer otras garantías procesales. *Báez Díaz v. ELA*, *supra*, a la pág. 623.

### D. Jurisdicción

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Freire Ruiz et al. v. Morales, Hernández*, 2024 TSPR 129, 215 DPR ___ (2024); *R&B Power. Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89 (2020).[25] Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *R&B Power. Inc. v. Junta de Subastas ASG*, supra, pág. 698; *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 298 (2022).[26] La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma directa sobre el poder del

---

[25] Véase *Torres Alvarado v Madera Atiles*, 202 DPR 495 (2019); *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011).
[26] *Torres Alvarado v. Madera Atiles*, supra, pág. 500; *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

tribunal para adjudicar una controversia. *Allied Mgtm. Group. v. Oriental Bank,* 204 DPR 374 (2020).[27]

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015); *R&B Power. Inc. v. Junta de Subastas ASG,* supra, pág. 698; *Souffront v. AAA,* supra, pág. 674; *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384, 394-395 (2022).

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a resolver.

### III

En su primer señalamiento de error, la parte apelante sostiene que, el foro de primera instancia incidió y abusó de su discreción al emitir una sentencia donde desestimó la petición de expropiación forzosa.

Como segundo señalamiento de error, la parte apelante aduce que, el foro *a quo* erró y abusó de su discreción al emitir sentencia y desestimar la *Petición,* al atender planteamientos en oposición a la declaración de estorbo público en un procedimiento especial de expropiación forzosa, sin ostentar jurisdicción para así hacerlo al ser procedimientos distintos e independientes.

Por encontrarse intrínsecamente relacionados, discutiremos ambos señalamientos de error de forma conjunta.

Adelantamos que, no le asiste la razón. Veamos.

Según reseñáramos, el Municipio presentó una *Petición* donde expresó su interés en adquirir la propiedad objeto de controversia mediante el procedimiento de expropiación forzosa. Alegó que, la

---

[27] *Torres Alvarado v Madera Atiles,* supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Souffront v. AAA,* 164 DPR 663, 674 (2005).

propiedad había sido declarada como estorbo público el 26 de diciembre de 2023, en el caso número 20OP-55099QE-SJ, por medio del Procedimiento de Declaración de Estorbos Públicos del Municipio de San Juan. Luego de que el foro de primera instancia emitiera *Resolución* donde determinó que la propiedad en cuestión quedaba expropiada, la parte apelada presentó *Comparecencia Especial -Sin Someterse a la Jurisdicción- y en Solicitud de Remedio Provisional*. Reseñó que, para poder llevar a cabo el proceso de expropiación, era requisito *sine qua non* que el Municipio expropiante llevara a cabo un trámite administrativo donde se siguiera el proceso de ley dispuesto en el Código Municipal, *supra*. En la aludida moción, la licenciada Menéndez Cordovés adujo que, la declaración de estorbo pública era nula debido a que el Municipio había incumplido con los requisitos básicos de notificación adecuada, y violentado su derecho a ser oída y de exponer su posición conforme a derecho. Explicó que, había recibido una notificación a la dirección correcta, pero que, dicha notificación no estaba dirigida a su persona ni trataba de la propiedad en controversia. Asimismo, acotó que, el emplazamiento por edicto tampoco había sido perfeccionado.

Por su parte, el Municipio mediante la *Moci[ó]n en Cumplimiento de Orden*, sostuvo que, la *Querella y Notificación*, y la *Notificación: Intención de Declarar Propiedad Como Estorbo Público*, con fecha de 4 de mayo de 2023, fueron enviadas mediante correo certificado a la dirección postal de la parte apelada a: Urb. El Remanso F21 Calle Cuenca San Juan PR 00926-6109. Aseguró haber cumplido con los requisitos de notificación esbozados en el Código Municipal, *supra*. De igual forma, la parte apelante adujo que, en cierto momento la licenciada Menéndez Cordovés se había comunicado mediante correo electrónico con la señora Swinda Colón Martínez para notificarle que, los documentos que le habían

enviado no tenían relación alguna con ella. Ante lo anterior, el Municipio aseguró que, el 24 de agosto de 2023, intentó diligenciar la *Querella y Notificación* a la parte apelada, pero que, esta se negó a recibir el emplazamiento. La parte apelante también expuso que, el 13 de septiembre de 2023, publicó un *Aviso Público de Notificación de Intención de Estorbo Público* en el periódico El Nuevo Día, en el cual se incluyó la propiedad en cuestión. Reiteró que, la parte apelada había sido debidamente notificada de todo el proceso.

Más adelante, la parte apelada presentó *Comparecencia Especial -Sin Someterse a la Jurisdicción- y de Réplica a Moción Informativa del Municipio de San Juan.* Mediante la anterior moción, reiteró su posición en cuanto a que la declaración de estorbo público era nula por no haberse seguido el debido proceso de ley administrativo dispuesto en el Código Municipal, *supra.* Sostuvo, además, que, los documentos titulados "Anejo 1", que fueron acompañados a la *Moci[ó]n en Cumplimiento de Orden,* no eran los mismos documentos que fueron notificados y recibidos por la parte apelada. Ello, debido a que los documentos que fueron notificados iban dirigidos a otra persona y describían una propiedad desconocida. Igualmente, negó haber rechazado el emplazamiento y afirmó que, el emplazador no se presentó a su dirección residencial. Esta explicó que, según surgía del *Diligenciamiento de Notificación Declaración de Estorbos P[ú]blicos,* este fue dirigido a Concepción Menéndez, con dirección Calle Ozama 212, San Juan Puerto Rico, y que, posiblemente quien declinó dicho emplazamiento fue la residente de la propiedad correspondiente a dicha dirección. En cuanto al *Aviso Público de Notificación de Intención de Estorbo Público* publicado el 13 de septiembre de 2023, aseveró que este no incluyó la propiedad objeto de la controversia, al no incluir la dirección de la misma, y que, tampoco se identificó a sus dueños. Subrayó que, en el aludido aviso se incluyó la siguiente información:

"Concepción Menéndez Río Piedras Heights Calle 7 Blq. F-15 San Juan, PR 00926". Ante lo anterior, entendió que, el aludido aviso era inoficioso ya que, ninguna parte con interés se podía dar por enterada de la intención de declarar estorbo público la propiedad. Por otro lado, indicó que, el Municipio tenía conocimiento de su dirección física y de su paradero, y que por ello, no se justificaba la publicación del aviso.

Subsiguientemente, el foro apelado emitió la *Sentencia* cuya revisión nos atiene, donde desestimó sin perjuicio la solicitud de expropiación presentada por el Municipio por falta de jurisdicción al ser prematura. El Tribunal de Primera Instancia concluyó que, la parte apelante no notificó adecuadamente su intención de declarar la propiedad como estorbo público a todas las partes con interés, y que, por tanto, no hubo notificación adecuada del trámite administrativo. Razonó, además, que hasta tanto no se subsanaran los vicios en las notificaciones, no podía considerar que los términos aplicables habían transcurrido y que el trámite administrativo hubiese advenido final y firme. Por último, expresó que, hasta tanto la *Resolución declarando inmueble estorbo público* no adviniera final y firme, el Municipio no podía disponer del inmueble bajo los mecanismos de los artículos 4.012 del Código Municipal, *supra*, y 15.209 del Reglamento del Municipio, *supra*.

De acuerdo al derecho reseñado, los municipio pueden ejercer el poder de expropiación forzosa dentro de sus límites territoriales.[28] En particular, el Art. 2.018(a)(2) del Código Municipal, *supra*, dispone que, los municipios podrán llevar a cabo el procedimiento de expropiación forzosa sobre una propiedad cuando esta haya sido declarada estorbo público según lo establecido con dicho Código, sin tener que cumplir con la presentación de una consulta de ubicación

---

[28] Art. 1.008(c) del Código Municipal, *supra*.

ante la Oficina de Gerencia de Permisos. El Código Municipal, *supra*, le impone a los municipios el deber de identificar a todas aquellas personas que tengan algún interés o derecho sobre la propiedad a ser adquirida. En el proceso de identificación de las partes con interés, el municipio *deberá llevar a cabo todas las diligencias razonables* para obtener el nombre completo, dirección física, dirección postal y cualquier otra información que permita obtener contacto con dichas partes.[29]

Ahora bien, en cuanto a la identificación de estorbos públicos, el Código Municipal, *supra*, dispone que, "[l]os municipios realizarán los estudios que fueren necesarios, dentro de sus límites, para identificar las propiedades inmuebles que por sus condiciones deban ser calificadas como estorbos públicos".[30] De igual manera, el Artículo 4.008 del precitado código dispone que, el municipio identificará como estorbo público toda estructura o solar que sea declarado como tal, y **deberá notificar a los propietarios, poseedores y personas con interés, personalmente o por correo certificado de su intención de declarar la propiedad como estorbo público**. Asimismo, exige que, también **se le informe su derecho a una vista en la cual podrán oponerse a la declaración de la propiedad como estorbo público. La notificación deberá cumplir sustancialmente con el proceso de diligenciamiento según establecido en la Regla 4 de Procedimiento Civil, y de ignorarse el paradero de tales personas, deberán publicar avisos en un (1) periódico impreso de circulación general o regional y uno (1) digital de conformidad con las ordenanzas del municipio y sin que medie orden judicial previa**. (*Énfasis nuestro*). Posterior a la notificación, ya sea personal o mediante el aviso, el propietario, poseedor o persona con interés, tendrá disponible veinte (20) días

---

[29] Art. 2.018(a)(8) del Código Municipal, *supra*.
[30] Artículo 4.008 del Código Municipal, *supra*.

para oponerse a la declaración de la propiedad como estorbo público, y solicitar vista ante un oficial examinador, para presentar la prueba que estime conveniente.[31]

Igualmente, el Reglamento del Municipio también exige que, se le notifique a la parte con interés o propietarios sobre la intención de declarar la propiedad como estorbo público. Requiere que, la notificación le informe a la parte sobre sus derechos y remedios para oponerse a la declaración de la propiedad como estorbo público, así como su derecho de solicitar una vista ante un oficial examinador. Al igual que el Código Municipal, el Reglamento del Municipio impone el requisito de que la notificación cumpla sustancialmente con el proceso de diligenciamiento según establecido en la Regla 4 de Procedimiento Civil.[32]

Cuando el propietario, poseedor o persona con interés sea notificado conforme a las exigencias del Art. 4.008 del Código Municipal, *supra*, y no compareciera a oponerse a la identificación de la propiedad como estorbo público, el municipio estará facultado para declarar la propiedad como estorbo público.[33]

Al examinar el legajo apelativo pudimos constatar que, en efecto, no hubo notificación adecuada del proceso administrativo de declaración de estorbo público, por lo que, la declaración de estorbo público no advino final y firme. Veamos.

En primer lugar, la licenciada Menéndez Cordovés recibió una *Querella y Notificación* y la *Notificación: Intención de Declarar Propiedad como Estorbo Público* a su dirección en récord. Sin embargo, dichos documentos iban dirigidos a "Mariani Franco Law C.S.P.", hacían referencia a una propiedad ubicada en la Urbanización Roosevelt en San Juan y tenían un número de caso

---

[31] Art. 4.008 del Código Municipal, *supra*.
[32] Art. 15.203del Reglamento del Municipio, *supra*.
[33] Art. 4.010 del Código Municipal, *supra*.

distinto al del proceso de la propiedad en cuestión. La parte apelada notificó tales circunstancias mediante correo electrónico a la señora Swinda Colón Martínez, Supervisora del Programa de Estorbos Públicos del Municipio. Ante esto, se le remitió mediante correo electrónico a la parte apelada copia del formulario de solicitud de vista administrativa, para que lo cumplimentara en caso de que deseara solicitar la celebración de vista. No obstante, no surge que se le haya notificado sobre la intención de declaración de estorbo público, según exige el Código Municipal, *supra*.

El Municipio alegó que, intentó diligenciar la notificación a la parte apelante, pero que esta se negó a recibir el emplazamiento. Si bien es cierto que, en el expediente obra un diligenciamiento que fue rechazado, intitulado *Diligenciamiento de Notificación de Declaración de Estorbos P[ú]blicos*, con fecha de 24 de agosto de 2023, este no fue dirigido a la licenciada Menéndez Cordovés. Dicho diligenciamiento fue dirigido a una persona de nombre Concepción Menéndez, con la dirección Calle Ozama 212 San Juan, Puerto Rico. La dirección antes descrita no pertenece a la parte apelada, es desconocida por esta, y tampoco consta en el expediente. De hecho, de una revisión al Exhibit "A" se puede apreciar que, la dirección de la licenciada Menéndez Cordovés es la siguiente: Urb. El Remanso F-21, Cll. Cuenca San Juan, Puerto Rico.

Por otro lado, en cuanto al *Aviso Público de Notificación de Intención de Estorbo Público* publicado el 13 de septiembre de 2023 en el periódico el Nuevo Día, pudimos observar que, según señaló la parte apelada, este no incluye a la propiedad objeto de la controversia en el listado. Aunque hace alusión a Concepción Menéndez, una de las partes que el Municipio denominó como "parte con interés", no cuenta con la dirección de la propiedad en controversia. El aviso incluye la siguiente dirección: Río Piedras Heights, Calle 7 Blq. F15 San Juan, Puerto Rico; dirección que

tampoco surge del expediente. Según expuesto, la propiedad del pleito de epígrafe está situada en la Urb. Río Piedras Heights, Calle Ozama Núm. 217 San Juan, Puerto Rico, información que no fue incluida en el aviso. La falta de información hizo del aviso uno inoficioso que impidió que las partes con interés se dieran por notificadas de la intención del Municipio de declarar la propiedad como estorbo público.

De igual manera, es meritorio señalar que, el Código Municipal, *supra*, permite que se notifique la intención de declarar una propiedad como estorbo público mediante aviso publicado en el periódico cuando se ignore el paradero de los propietarios, poseedores y personas con interés.[34] Respecto a la licenciada Menéndez Cordovés, el Municipio conocía de su paradero ya que previamente le había enviado una notificación equivocada a la dirección correcta e incluso, había sostenido comunicaciones con esta mediante correo electrónico. No surge de forma alguna que, el Municipio hubiese intentado cumplir sustancialmente con el proceso de diligenciamiento establecido en la Regla 4 de Procedimiento Civil.

Nos compete mencionar que, se desprende del expediente que, hubo un intento de notificación dirigido a la parte a apelada a la dirección Urb. Río Piedras Heights, Calle Ozama Núm. 217 San Juan, Puerto Rico, que es donde ubica la propiedad en controversia, que *se encuentra desocupada*. Dicha diligencia tampoco cumple con los requisitos de notificación del Código Municipal, *supra*, ya que, no se puede tomar dicha dirección como "última dirección conocida" de la parte apelada. Debido a que, el Municipio tenía conocimiento de que la dirección física y postal de la licenciada Menéndez

---

[34] Art. 4.008 del Código Municipal, *supra*.

Cordovés era Urb. El Remanso F-21, Cll. Cuenca San Juan, Puerto Rico.

En el caso de epígrafe, el Municipio mediante la declaración de estorbo público y la solicitud de expropiación de la propiedad en controversia, se propone a interferir con los posibles intereses propietarios de la parte apelada, por lo que debe cumplir con las exigencias mínimas del debido proceso de ley.[35] Entre estas exigencias se encuentran la **notificación adecuada del proceso** y la oportunidad de ser oído.[36]  El derecho a una notificación adecuada concede a las partes la oportunidad de tomar conocimiento real de la acción tomada por el ente. Asimismo, le otorga la oportunidad de decidir si ejercen los remedios que la ley les reserva para oponerse o impugnar la determinación.[37]

Como bien resolvió la primera instancia judicial, en virtud de las disposiciones del Código Municipal, *supra*, en cuanto al proceso de expropiación forzosa por estorbo público, la jurisdicción del Tribunal de Primera Instancia está sujeta a que los trámites administrativos advengan finales y firmes. Al revisar los documentos que emanan del expediente, quedan meridianamente claras las múltiples deficiencias en las notificaciones emitidas por la parte apelante. De ninguna forma surge que las partes con interés, en específico, la parte aquí apelada hubieran sido notificadas adecuadamente del proceso de declaración de estorbo público. Por lo tanto, el foro *a quo* se encontraba impedido de atender la acción de expropiación, hasta tanto se enmendaran tales deficiencias y adviniera final y firme el trámite administrativo, conforme al Código Municipal, *supra.*

---

[35] *Garriga Villanueva v. Municipio de San Juan*, supra, pág. 196; *PVH Motors v. ASG*, supra, pág. 130-131.

[36] *Íd.*; *St. James Sec. v. AEE*, supra, pág. 396.

[37] *Asoc. Vec. Altamesa Este v. Municipio de San Juan*,

Enfatizamos que, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, ya que la falta de jurisdicción no es susceptible de ser subsanada.[38] En el caso de epígrafe, el Tribunal de Primera Instancia actuó conforme a derecho al desestimar sin perjuicio la causa de acción sin entrar en sus méritos, al no tener jurisdicción por falta de notificación adecuada.

Nos parece meritorio destacar que, al igual que el foro *a quo*, nuestra determinación no incide sobre los méritos del procedimiento administrativo de estorbo público, únicamente, nos limitamos a evaluar el cumplimiento con las exigencias constitucionales que salvaguardan el debido proceso de ley.

**IV**

Por los fundamentos que anteceden, se *confirma* la *Sentencia* apelada.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[38] *Yumac Home v. Empresas Massó*, supra, pág. 107; *Cobra Acquisitions v. Mun. Yabucoa et al.*, supra, págs. 394-395.